IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RODRIGO SANDOVAL and ARACELY MARTINEZ, both INDIVIDUALLY and AS NEXT FRIENDS OF A. R. S. - 1 AND A. R. S. – 2, THEIR MINOR CHILDREN<br><br>Plaintiffs<br><br>VS.<br><br>MARK TRANSPORTATION LLC, K&M EXPRESS, LLC, AND ARKAN ANTWAN SABRI<br><br>Defendants | § § § § § § § § § § § § § § § §    CIVIL ACTION NO. _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME RODRIGO SANDOVAL and ARACELY MARTINEZ, both INDIVIDUALLY and AS NEXT FRIENDS OF THEIR CHILDREN, A.R.S. – 1, and A. R. S. - 2, Plaintiffs, and for cause of action would respectfully show the following:

**I. THE PARTIES**

**A.   PLAINTIFFS**

1.   Plaintiff, RODRIGO SANDOVAL is a citizen of the United States and a resident of San Benito, Cameron County, Texas.  Rodrigo Sandoval is the husband of Aracely Martinez and the father of their minor children, A. R. S. - 1 and A. R. S. – 2.  Rodrigo Sandoval brings suit herein in his individual capacity for the personal injuries to his wife and children.

2.   Plaintiff, ARACELY MARTINEZ is a citizen of the United States and a resident of San Benito, Cameron County, Texas.  Aracely Martinez is the wife of RODRIGO SANDOVAL and mother of their minor children, A. R. S. - 1 and A. R. S. – 2.

Aracely Martinez sues in her individual capacity for her personal injuries and for those of her children.

3.  Plaintiffs Rodrigo Sandoval and Aracely Martinez file suit on behalf of and as next friends of their minor children, A. R. S. - 1 and A. R. S. – 2, for their personal injuries. The minor plaintffs are citizens of the United States and residents of San Benito, Cameron County, Texas.

## B. DEFENDANTS

4.  Defendant, MARK TRANSPORTATION, LLC (hereinafter, MARK TRANSPORTATION) is a Michigan limited liability company, doing business in the state of Texas, and service of process will be made upon its registered agent, Faiz Sitto, 7027 Lee Crest Dr., West Bloomfield, Michigan 48322-3752.

5.  Defendant, K & M EXPRESS, LLC (hereinafter, K&M) is a Michigan limited liability company, doing business in the state of Texas, and service of process will be made upon its registered agent, Motasem Ghazal, 2401 W. Sam Houston Pkwy N #1212, Houston, Texas 77043.

6.  Defendant, ARKAN ANTWAN SABRI, hereinafter "SABRI" is a natural person and a citizen of the state of Michigan, and may be served at his last known address which is 45365 Fox Ln W, Apt. 107, Shelby Township, Michigan 48317-5048.

## II. JURISDICTION

7.  This is a negligence cause of action arising out of a motor vehicle collision occurring in Jackson County in the Southern District of Texas. The parties are diverse. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## III. FACTS

8.  The vehicle in question is a 2002 Freightliner tractor bearing vehicle identification number (VIN) 1FUJBBCG62LK42630 and was towing a 2001 Wabash National Corp trailer VIN 1JJV532W11L750265.

9. At the time of the incident in question, the vehicle in question was owned by defendant Mark Transportation and being operated by defendant Sabri.

10. This suit rises out of a motor vehicle incident, which occurred on or about May 19, 2017. On this date, Aracely Martinez and her minor children were traveling east in their family vehicle on State Highway 111 in Jackson County, just east of Edna, Texas.

11. At this time, the tractor and trailer vehicle in question, operated by defendant Sabri, while traveling at a high rate of speed, failed to observe his stop sign, failed to stop at his stop sign and entered the intersection, striking the plaintiffs' vehicle on its right side.

## IV. NEGLIGENCE OF MARK TRANSPORTATION, LLC (MARK TRANSPORTATION)

12. Plaintiffs incorporate by this reference each and all of the allegations contained in paragraphs 1 – 11 of this complaint as though fully set forth herein.

13. At the time of the incident in question, Mark Transportation was the owner/operator of the vehicle in question being driven by Defendant Sabri.

14. Sabri was under the control of Mark Transportation, as an employee and/or agent of Mark Tranportation and was acting within the course and scope of his employment.

15. Therefore, Mark Transportation is vicariously responsible for the negligence and negligence *per se* of Sabri based on the theory of *Respondeat superior*.

16. Plaintiffs further assert and allege at the time of the collision made the basis of this suit that Defendant, Mark Transportation was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a.    failing to properly train Sabri;

    b.    failing to properly supervise Sabri;

    c.    failing to properly implement appropriate policies and procedures;

    d.    entrusting a vehicle to Sabri;

    e.    failing to provide proper and/or adequate training with respect to safe vehicle operation;

    f.    failing to ensure the safety of others through proper training;

    g.    failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing;

    h.    creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

    i.    negligently exercising control on Sabri; and

    j.    having superior knowledge of specific risk and specific danger and failing to guard against it.

17. Each and all of the above mentioned acts or omission and/or commission constituted negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs hereby seek recovery.

## V. NEGLIGENCE OF K & M EXPRESS, LLC (K & M)

18. Plaintiffs incorporate by this reference each and all of the allegations contained in paragraphs 1 – 17 of this complaint as though fully set forth herein.

19. At the time of the incident in question, K & M was the owner/operator of the vehicle in question being driven by Defendant Sabri.

20. Sabri was under the control of K & M, as an employee and/or agent of K & M and was acting within the course and scope of his employment.

21. Therefore, K & M is vicariously responsible for the negligence and negligence *per se* of Sabri based on the theory of *Respondeat superior*.

22. Plaintiffs further assert and allege at the time of the collision made the basis of this suit that Defendant, K & M was guilty of various acts and/or omissions which constituted negligence, including, but in no way limited to, the following, each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a. failing to properly train Sabri;

    b. failing to properly supervise Sabri;

    c. failing to properly implement appropriate policies and procedures;

    d. entrusting a vehicle to Sabri;

    e. failing to provide proper and/or adequate training with respect to safe vehicle operation;

    f. failing to ensure the safety of others through proper training;

    g. failing to properly monitor drivers to ensure proper documentation of compliance with statutes and regulations governing;

    h. creating a danger to the public, of which it had specific knowledge, and then failing to protect the public from that danger;

    i. negligently exercising control on Sabri; and

    j. having superior knowledge of specific risk and specific danger and failing to guard against it.

23. Each and all of the above mentioned acts or omission and/or commission constituted negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs hereby seek recovery.

## VI. NEGLIGENCE OF ARKAN ANTWAN SABRI (SABRI)

24. Plaintiffs incorporate by this reference each and all of the allegations contained in paragraphs 1 – 23 of this complaint as though fully set forth herein.

25. At the time and on the occasion in question, Defendant, Sabri, while operating the vehicle in question within the course and scope of his employment for Defendants and while operating said vehicle for and on behalf of and with Defendants' permission, failed to use ordinary care by various acts and omissions each of which singularly or in combination with others, was a proximate cause of the occurrence in question:

    a. in failing to keep a proper lookout;

    b. in disregarding a stop sign or red light;

    c. in operating his tractor trailer in a careless and heedless fashion on the roadway as to endanger other persons using the roadway;

    d. in failing to abide by the proper rules and regulations concerning his vehicle's safe operation; and

    e. in failing to operate his vehicle in a reasonable and prudent manner.

26. Each and all of the above foregoing acts of omission and/or commission constituted negligence, and gross negligence and were a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

27. Sabri's disregard of a stop sign constitutes negligence *per se* and was a proximate cause of the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

## VII.  GROSS NEGLIGENCE AND MALICE AGAINST DEFENDANTS

28. Plaintiffs incorporate by this refernce each and all of the allegations contained in Paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Plaintiffs further assert and allege Mark Transportation's acts of omission and/or commission collectively and/or severally constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiffs in instructing and permitting Sabri, to operate the vehicle in question with an extreme degree of risk to all persons traveling on Texas roadways on the day in question, which such degree of risk manifested itself on Plaintiffs herein. This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and damages suffered by Plaintiffs.

30. Plaintiffs further assert and allege that K & M's acts of omission and/or commission collectively and/or severally constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiffs in instructing and permitting Sabri, to operate the vehicle in question with an extreme degree of risk to all persons traveling on Texas roadways on the day in question, which such degree of risk manifested itself on Plaintiffs herein. This wanton and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of the injuries and damages suffered by Plaintiffs.

31. Plaintiffs further assert and allege that the acts of omission and/or commission of Sabri collectively and/or severely constituted gross negligence in that this Defendant acted with conscience indifference to the rights, safety, or welfare of the Plaintiffs in operating said vehicle without proper training, and in disregard of a stop sign. Such conduct by Sabri created an extreme degree of risk to all persons traveling on Texas roads, which degree of risk manifested itself on the Plaintiffs. This wanton

and conscious indifference constituted gross negligence and was a proximate cause of the collision made the basis of this suit, and of injuries and damages to Plaintiffs.

## VII. DAMAGES

32. Plaintiffs incorporate by this refernce each and all of the allegations contained in Paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

34. As a result of the incident in question, Aracely Martinez was seriously injured and suffered severe, permanent and disabling injuries.

35. As a result of the incident in question, Aracely Martinez suffered physical pain and mental anguish, both past and futuree.

36. As a result of the incident in question, Aracely Martinez has suffered disfigurement, physical impairmetn, limitation of activities and a dimunition of enjoymetn of life, both past and future.

37. As a result of the incident in question, Aracely Martinez has sustained reasonalbe and necessary medical expenses, past and future, for the care and treatement of her injuries.

38. As a result of the incident in question, Aracely Martinez has required medical treatment in the past and, in reasonable probability, will require other and additional treatment and care in the future.

39. As a result of the incident in question, Aracely Martinez would show she is entitled to recover pursuant to the Bystander Recovery Doctrine as that cause of

action is understood and applied under Texas law. More specifically, Plaintiff Aracely Martinez was caused to suffer devastating physical and mental injuries as a result of the direct emotional impact that A.R.S. – 1 and A.R.S. – 2, her children's pain, suffering and catastrophic injuries had upon Aracely Martinez. Plaintiff Aracely Martinez was present at the scene of the accident and directly experienced, witnessed, and perceived the injuries and sufferieng of her children, A.R.S. – 1 and A.R.S. - 2. Actually witnessing such trauma caused Aracely Martinez severe metnal anguish, trauma, shock and distress, both phyical and emotional, past and future.

40. As a result of the incident in question, Plaintiffs Rodrigo Sandoval and Aracely Martinez, individually and as Next Friends of their minor children, A.R.S. – 1 and A.R.S. – 2, have incurred damages. Rodrigo Sandoval and Aracely Martinez, as the parents and legal guardians of A.R.S. – 1 and A.R.S. - 2 have responsibility for past and future medical expenses that A.R.S. -1 and A.R.S. - 2 will need for their lifetimes, and for which their parents are financially responsible until the age of 18.

41. Damages the minor children A.R.S. – 1 and A.R.S. – 2 and their parents have incurred include the following:

   a. Reasonable and necessary medical expenses in the past for A.R.S. – 1 and A.R.S. – 2;

   b. Reasonable and necessary medical expenses, which in all reasonalbe probability, will be incurred in the future for A.R.S. – 1 and A.R.S. – 2;

   c. Physical pain and suffering in the past by A.R.S. – 1 and A.R.S. -2;

   d. Physical pain and suffering, which in all probability, will be suffered in the future by A.R.S. – 1 and A.R.S. -2;

   e. Mental anguish suffered in the past by A.R.S. – 1 and A.R.S. -2;

f. Mental anguish, which in all probability, will be suffered in the future by A.R.S. – 1 and A.R.S. -2;

g. Physical impairment suffered in the past by A.R.S. – 1 and A.R.S. – 2;

h. Physical impairment, which in all probability, will be suffered in the future by A.R.S. – 1 and A.R.S. – 2;

i. Lost wages in the past of A.R.S. – 1 and A.R.S. – 2;

j. Loss of wage earning capacity which, in all reasonable probability, will be suffered in the future by A.R.S. - 1 and A.R.S. – 2;

k. Disfigurement sustained in the past by A.R.S. – 1 and A.R.S. – 2;

l. Disfigurement, which in all reasonable probability, will be sustained in the future by A.R.S. – 1 and A.R.S. – 2; and

m. bystander damages pursuant to the Bystander Recovery Doctrine as that cause of action is understood and applied under Texas law. More specifically, the minor Plaintiffs were caused to suffer devastating physical and mental injuries as a result of the direct emotional impact that their mother's pain, suffering and catastrophic injuries had upon the minor plaintiffs. Minor plaintiffs A.R.S. – 1 and A. R. S. – 2 were present at the scene of the incident and directly experienced, witnessed, and perceived the injuries and sufferieng of their mother, Aracely Martinez. Actually witnessing such trauma caused the minor plaintiffs severe metnal anguish, trauma, shock and distress, both phyical and emotional, past and future.

42. As a result of the incident in question Plaintiff Rodrigo Sandoval has incurred loss of household servies sustained in the past.

43. As a result of the incident in question Plaintiff Rodrigo Sandoval has incurred loss of household servies which in all reasonable probability, will be sustained in the future.

44. As a result of the incident in question Plaintiff Rodrigo Sandoval has incurred loss of consortium sustained in the past.

45. As a result of the incident in question Plaintiff Rodrigo Sandoval has incurred loss of consortium which in all reasonable probability, will be sustained in the future.

## VIII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

46. Plaintiffs incorporate by this refernce each and all of the allegations contained in Paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## IX. JURY DEMAND

48. Plaintiffs request a trial by jury for all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual and exemplary damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Reagan Sahadi*
R. Reagan Sahadi
rsahadi@wigrum.com
SBN 24042369

**WIGINGTON RUMLEY DUNN
  & BLAIR, L.L.P.**
123 North Carrizo Street
Corpus Christi, TX  78401
Telephone:    (361) 885-7500
Facsimile:     (361) 885-0487

OF COUNSEL:

Jeffrey G. Wigington
jwigington@wigrum.com
State Bar No. 00785246

David L. Rumley
drumley@wigrum.com
State Bar No. 00791581

**ATTORNEYS FOR PLAINTIFFS**